[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12410
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cr-80161-KLR-4


UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

MARK PYFROM,
a.k.a. Mark Pyform,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 14, 2013)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Following a jury trial, Mark Pyfrom was convicted of conspiracy to possess with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b); and possession with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a).  Pyfrom's convictions stemmed from his role in an unsuccessful attempt to deliver more than 100 kilograms of marijuana from the Bahamas to South Florida.  At sentencing, Pyfrom faced a guideline range of 63 to 78-months imprisonment based on a total offense level of 26 and a criminal history category of I.

The district court sentenced Pyfrom to 63-months imprisonment.  On appeal, Pyfrom argues that this sentence is unreasonable.  We review the final sentence imposed by the district court for procedural and substantive reasonableness. United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008).

Pyfrom does not contend, nor is there any indication, that the district court committed a procedural error in determining his sentence.  See id. ("A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence.").  Rather,

2

Pyfrom claims that his sentence is substantively unreasonable because the district court failed to adequately consider whether his "ailing medical condition or his status as an alien" warranted a variance below his guideline range.

We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 691 (2007). In determining whether a sentence is substantively reasonable, we are guided by the factors set forth in 18 U.S.C. § 3553(a). United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). "These factors include the available sentences, the applicable Guideline range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and provide the defendant with needed medical care." Id. (citing 18 U.S.C. § 3553(a)). "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

We are not persuaded by Pyfrom's argument that his sentence is substantively unreasonable because the district court failed to deviate below his guideline range based on his medical condition or his status as an alien. First, the record is clear that the district court took each of these factors into consideration when arriving at its sentencing determination. Second, the record is equally clear

3

that the district court also considered other § 3553(a) factors, such as Pyfrom's offense conduct, his presentence report, his sentencing guidelines, as well as his family obligations.  Finally, in arriving at its determination, the district court took into consideration Pyfrom's express request that, based on these factors, he receive a low-end guideline sentence of "63 months."

In sum, nothing in this record suggests that Pyfrom's 63-month sentence, at the low end of his guideline range, was unreasonable.  See Talley, 431 F.3d at 788. The district court, therefore, did not abuse its discretion and Pyfrom's sentence is

**AFFIRMED.**